UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETE DIVISION

**COREY ROSETTE, SR.**                                    **DOCKET NO. 6:22-CV-5719**
                                                                                **SECTION P**

**VERSUS**                                                               **JUDGE DAVID C. JOSPEH**

**SSA, ET AL**                                                          **MAGISTRATE JUDGE AYO**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents,* 91 S.Ct. 1999 (1971), by plaintiff Corey Rosette, Sr., who is proceeding pro se and *in forma pauperis* in this matter. Rosette is an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. He names as defendants the Social Security Administration and Gwen Laysare, District Manager. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.     Background**

Rosette claims that in October 2019, he was awarded back pay compensation from the Social Security Administration (SSA) going back to 1995 but has yet to receive full compensation. Doc. 4, p. 3. He alleges that he is being denied benefits as a direct result of District Manager Gwen Laysare's dereliction of duty and total disregard for the court's ruling. Rosette claims that as a result, he suffers emotional stress and financial hardship.

**II.  Law & Analysis**

*A.  Frivolity Review*

Rosette has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

However, unlike the multitude of claims that may be brought against state officials under 42 U.S.C. § 1983, "a *Bivens* remedy is not available for all constitutional violations." *Corr. Servs.*

*Corp. v. Malesko*, 121 S.Ct. 515, 519 (2001); see also *Ashcroft v. Iqbal*, 121 S.Ct. 1937, 1947-48 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'") (citations omitted).

### C. Analysis

Rosette's constitutional claims against the SSA are subject to dismissal because there is no *Bivens* liability with respect to matters involving the denial of Social Security benefits. *Coates v. SSA,* No. 12-11832-GAO, 2012 U.S. Dist. LEXIS 161911, *12 (D. Mass. Nov. 9, 2012). Rather, Congress' statutory scheme providing a remedy for alleged federal wrongs in this area is the exclusive means available to Rosette with respect to his claim for back benefits. *Id*.

In addressing the question of whether federal actors may be sued under *Bivens* in the context of challenges to an agency decision denying benefits:

> [T]he Supreme Court has held that a *Bivens* action does not lie for denial of Social Security benefits. The Ninth Circuit summarized:
>
>> "[t]he Supreme Court has instructed us that a Bivens action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 1183-84 (9th Cir. 2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.")); see also *Hooker v. U.S. Dept. of Health and Human Services*, 858 F.2d 525 (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.).

*Id. (*citing *Deuschel v. Barnhart*, 2004 U.S. Dist. LEXIS 30986, 2004 WL 5542429, at *5 (E.D. Cal. 2004); see *Rivera v. Astrue*, 2011 WL 241981, *3 (D. Mass. 2011)).

*Deuschel* expounded further in this matter, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." 2004 U.S. Dist. LEXIS 30986, [WL] at *6. Further, in discussing the Supreme Court's jurisprudence with respect to *Bivens*, *Deuschel* noted:

> "[T]he Court has cautioned against extending *Bivens* into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled." *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a *Bivens* action against individuals does not lie. That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

*Id. (*citing *Deuschel*, 2004 U.S. Dist. LEXIS 30986, 2004 WL 5542429, at * 6 [brackets added]; see 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and providing, inter alia, that: "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.")).

Accordingly, the only basis for seeking judicial review based on the denial of Rosette's social security benefits is under the statutory scheme with respect to the administration of social security benefits. See 42 U.S.C. § 405(g).

### III.    Conclusion

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 15th day of December, 2022.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE